# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **ROSEMARY BROWN,** ) | |
| ) | Case No.: 3:20-cv-108-TSL-RHW |
| Plaintiff, ) | |
| ) | **COMPLAINT AND DEMAND** |
| v. ) | **FOR JURY TRIAL** |
| ) | |
| **ALLY FINANCIAL, INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

ROSEMARY BROWN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLY FINANCIAL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the

United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Hazelhurst, Mississippi.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at P.O. Box 951, Horsham, PA 19044.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this phone as a cellular telephone.

11. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

12. During the relevant period, Defendant called Plaintiff on her cellular telephone multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

14. Plaintiff often would answer a call to be greeted with a long pause or delay before being transferred to a live representative acting on behalf of Defendant.

15. Defendant's telephone calls were not made for "emergency purposes," as Defendant has been calling Plaintiff in regards to an automobile loan.

16. Soon after the calls began, Plaintiff spoke with Defendant and informed Defendant she did not wish to receive further calls from the Defendant, thereby revoking any consent that Defendant may have thought it had in placing calls to Plaintiff's cellular telephone number.

17. Despite Plaintiff's clear revocation of consent to call her cellular phone, Defendant persisted in calling Plaintiff.

18. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent after she revoked consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ROSEMARY BROWN, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

  b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

  c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

  e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROSEMARY BROWN, demands a jury trial in this case.

Dated: 2-26-20  By*:* */s/ Christopher E. Kittell*
       Christopher E. Kittell, Esq.
       Kittell Law Firm
       P.O. Box 568
       2464 Church Street, Suite A
       Hernando, MS 38632
       (662) 298-3456
       (855) 896-8772 (toll free fax)
       ckittell@kittell-law.com

PLAINTIFF'S FIRST AMENDED COMPLAINT